MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. EUNICE GLASS, BY NEXT FRIEND.

Decided April 17, 1907.

**1.—Carrier of Passengers—Damages.**

Evidence considered and held to support a recovery of ·$100, damages, in case of a passenger carried beyond her destination and thereby compelled to walk over muddy roads and incur exposure and sickness.

**2.—Flag Station—Stop—Knowledge of Passenger's Destination.**

By selling a ticket for a flag station to the passenger, the railway company undertook to stop there to let her off, and was not excused for failure by the fact that, the train being crowded, the conductor did not take up the ticket in time to learn that he had a passenger for such station.

Appeal from the County Court of Williamson County. Tried below before Hon. Chas. A. Wilcox.

*T. S. Miller* and *W. E. Spell,* for appellant.—That the evidence showed no damages sustained: Texas & P. Ry. Co. v. Cole, 66 Texas, 563; Gulf, C. & S. F. Ry. Co. v. Rossing, 26 S. W. Rep., 243; Gulf, C. & S. F. Ry. Co. v. Head, 15 S. W. Rep., 504; Gulf, C. & S. F. Ry. Co. v. Trott, 86 Texas, 414; Gulf, C. & S. F. Ry. Co. v. Ryan, 18 S. W. Rep., 866; Louisville & N. Ry. Co. v. Jordan, 66 S. W. Rep., 28.

Ignorance of passenger's destination as an excuse. Houston & T. C. Ry. Co. v. Batchler, 73 S. W. Rep., 981, and authorities therein cited.

*J. F. Taulbee* and *Nunn & Ward,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action by appellee against appellant for damages on account of appellant's failure to stop at the station to which she had purchased a ticket, so as to permit her to get off the train at said station.

The trial before court and jury resulted in a verdict and judgment for appellee in the sum of $100.

Appellant's contention that the verdict and judgment are not supported by the testimony, in that it appears therefrom that appellee received no injury and experienced no inconvenience by reason of being carried past her destination, is not sustained by the record. It appears from the testimony embraced in the record that if appellee had been permitted to get off the train at the station called for in her ticket, she would have been provided with a conveyance to her home, but that she was carried beyond such station exceeding a mile and a half, and by reason thereof was compelled to walk to her home, a distance of from two to two and one-half miles, over roads that were so wet and muddy from recent rains that they were not being generally traveled by wagons or other vehicles. On the way she had to cross a stream by walking over a railroad bridge or trestle by stepping from tie to tie. The evidence also tends to show that appellee contracted a cold, as the result of exposure in making the trip from the station to her home.

We think there is ample testimony showing injury received by appellee as the proximate result of appellant's act in carrying her past the station of her destination. By the sale of the ticket to appellee from Georgetown to Katy Lake, appellant contracted with appellee to carry her to the latter place, and to let her off at that place, although it was a flag station. (San Antonio & A. P. Ry. Co. v. Dykes, 45 S. W. Rep., 758.) It being a matter of contract, appellant could not relieve itself from its obligation thereunder by showing that the train was crowded on the occasion, and the employe whose duty it was to take up the tickets of passengers did not have sufficient time to get to appellee before her station was passed. The appellant having sold the ticket, is conclusively presumed to know of its undertaking to carry appellee to the station of her destination, and to stop the train a reasonable time to permit her to get off, and it was its duty to make such arrangements as were necessary to comply with its obligation; and, not having done so, it is liable for the injury received by appellee as the proximate result of such failure.

In view of what is said above, it follows that the trial court did not err in excluding testimony offered by appellant, nor in refusing the special charges requested by appellant. Neither was there error in the fourth paragraph of the main charge of the court, of which complaint is made by appellant in its 7th assignment of error.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*