# Southern Ry. Co. *v.* Melton.

*Damages by Passenger for Being Set Down at Wrong Station.*

(Decided Dec. 17, 1908.　47 South. 1008.)

1. *Carriers of Passengers; Damages; Complaint.*—A complaint alleging that complainant went to the ticket office of the defendant company at a point on its line, purchased a ticket from defendant's ticket agent for her transportation to a named place on defendant's line, paying therefor a sum certain and boarded defendant's passenger train, and that on reaching a station some fourteen miles distant from her point of destination the conductor in charge of the train called to her and told her that that was her station, and that was where she wanted to get off, and believing what the conductor said, she got off at said station, sufficiently shows the relation of passenger and carrier, the duty violated and states a substantial cause of action.

2. *Same; Issues; Proof and Variance.*—An allegation in a complaint that plaintiff was "put off the train" at a point other than her destination, when read in connection with the other allegations that the conductor told her that it was her station, and in reliance thereon, she got off, means no more than she got off in response to the conductor's invitation; and where the proof showed that she got off at the conductor's invitation, there was no material variance between the allegation and the proof.

3. *Appeal and Error; Presumptions; Record.*—Although the record shows that three pleas were filed and that a demurrer was interposed to the 3rd plea, but fails to show what action is taken on the demurrer, and the judgment entry recites that issue was joined on the plea, it will be presumed that the demurrer was abandoned and that issue was joined on the 3rd plea.

4. *Judgment; Conformity to Issues; Immaterial Plea.*—Where issue is taken on an immaterial plea and the plea is sustained by the evidence, the defendant is entitled to judgment.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Sallie Melton against the Southern Railway Company for damages for being set down at a station other than her destination. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was in the following language: "(1) Plaintiff, Sallie Melton, claims of defendant, the South-

ern Railway Company, a corporation, the sum of .$500 as damages, for this: That on or about the 7th day of May 1906, plaintiff went to the ticket office of the Southern Railway Company at Athens, Tenn., and purchased a ticket from defendant's ticket agent there, a ticket for her transportation to Scottsboro, Ala., paying therefor the sum of $3.35. That she boarded a passenger train of defendant at said place, and came on the same train on defendant's road to Flackler Station, Ala., some 14 miles from Scottsboro, Ala. That on reaching Flackler Station the conductor in charge of said train of defendant called to her and told her that that was where she wanted to get off, and that it was her station. Believing that it was her station, she got off in response to what the conductor said. That after alighting, and after the train had gone, she found it was not her station. That she was a stranger at said station of Flackler, and was alone and not very well, and became very much frightened and suffered great distress of mind on account of being put off the train at a place which was not her destination. That it was reasonably necessary for her to go at once to Scottsboro, and at great expense she procured a conveyance to get to Scottsboro. And plaintiff avers that she was very weak and feeble from a long spell of sickness, from which she was just recovering when she started to Scottsboro from Athens, Tenn.; that she was very feeble and weak from such illness when the conductor caused her to aight from the train at Flackler; that from exposure and the long ride from Flackler to Scottsboro by private conveyance, which was reasonably necessary for her to undertake, her illness was aggravated, and she suffered from weariness and pain in making said trip. And plaintiff further avers that after the train left Chattanooga for Schottsboro on which she was traveling, and before she reached said Flackler Station, said

conductor of the train took up her ticket, all to her dam-age," etc. (2) Same as 1, except that it is alleged that plaintiff went to the ticket agent of defendant at Athens, Tenn., and called for a ticket to Scottsboro, Ala., and paid the said agent the sum of $3.35, the amount he stat-ed was the price of said ticket for her transportation to Scottsboro. "(3) Plaintiff claims of defendant the sum of $500 as damages, for that plaintiff was a passenger on the passenger train of defendant on the 7th day of May,1906, running from Chatnooga, Tenn.; that her des-tination as such passenger was Scottsboro, Ala.; that as such passenger she bought her ticket for her transporta-tion from Athens, Tenn., to Scottsboro, Ala.; that after leaving Chatnooga, Tenn., she was caused to get off the train at a station called Flackler; that she left the train at Flackler by invitation of the conductor, who picked up her grip and carried it out for her; that she then got off the train at Flackler, believing it was Scottsboro, Ala; that she did not know better until after said train had left." Then follow the other allegations contained in counts 1 and 2 as to her condition and what was neces-sary for her to do in order to reach Scottsboro.

The following demurrers were filed to each count of the complaint serarately: (2) No cause of action is stated therein. (2) No breach of contract is therein alleged, nor is it alleged that the said conductor was guil-ty of negligence. (3) It appears therefrom that plain-tiff got off said train voluntarily at Flackler. (4) It does not appear therefrom that plaintiff was forced or compelled to get off said train at Flackler. (5) It is inconsistent, in this: In one part it is alleged that plain-tiff was put off said train, and in another part it is alleged that she got off in response to a statement of the conductor that that was her station. (6) It appears therefrom that plaintiff was guilty of proximate contrb-

utory negligence in getting off said train under the circumstances detailed therein. (7) It does not appear therefrom that the conductor knew where plaintiff was expected to get off, nor does it appear that plaintiff told him her destination, or that she wanted to go to Scottsboro." The following additional grounds were interposed to count 3: "(A) Because it alleges that plaintiff got off said train by invitation of the conductor, and does not state the facts constituting such alleged invitation (B) Because it state a mere conclusion of the pleader, and not the facts or circumstances from which said conclusion is drawn." The third plea filed by defendant was in the following language: "Plaintiff proximately contributed to the damage complained of by her own negligent conduct, in this: She got off said train at Flackler, in the daytime and voluntarily, although she had been to Scottsboro before, going there from Athens, Tenn. She had been at Scottsboro several years prior to said time, and knew that the depot there was on the left-hand side of the railroad to one going west; that is on the south side of the track. She got off the train on the occasion of which she complains on the right-hand side of the train, without looking to see whether that was Scottsboro or not."

HUMES & SPEAKE, for appellant. Several counts of the complaint were subject to the demurrers interposed. —*McGhee, et al. v. Reynolds*, 117 Ala. 413; *N. B. Ry. Co. v. Liddicoat*, 99 Ala. 545; *Harold v. Jones*, 98 Ala. 348; *L. & N. v. Dancey*, 97 Ala. 339; *L. & N. v. Johnson*, 79 Ala. 436. Plaintiff could not recover such damages as she could have avoided by the use of reasonable care, and hence, the special charge given at the plaintiff's request, was error.—*L. & N. v. Sullivan T. Co.*, 138 Ala. 397; *L. & N. v. Hines*, 121 Ala. 234; 13 Cyc. 76; 1 Sedgwick

on Damages, §§ 201, 204 and 214; Watson on Damages, pp. 236 and 245. The defendant was entitled to the general affirmative charge because the count stated no cause of action.—(*Southern Ry. Co. v. Bunt*, 131. Ala. 591) and because the 3rd plea was fully proven.—*McGhee v. Reynolds, supra.* There was no evidence that the plaintiff was put off the car, and hence, the general charge to the 1st and 2nd counts should have been given.— *Bir R. & E. Co. v. Brown*, 132 Ala. 431; *H. A. & B. Ry. Co. v. Maddox*, 100 Ala. 618; *L. & N. v. Dancey, supra; Prior v. L. & N.*, 90 Ala. 32. Plaintiff could recover no damages by reason of any injury to her on account of her trip from Scottsboro to her home, as she would have been under the necessity of taking that trip, if she had been carried to the station called for by. her ticket.— *Blackburn v. A. G. S. R. R. Co.*, 143 Ala. 346.

BULBRO & MOODY, for appellee. The court did not err in reference to the evidence.—*E. T. V. & G. R. R. Co. v. Lockhart*, 79 Ala. 315; *L. & N. v. Dancey*, 97 Ala. 338. Fright, sickness and suffering are each facts resulting from other facts, and a witness may testify to the same without giving in detail the elements. composing such condition.—*Echols v. Bates*, 26 Ala.; *Bir. Ry. Co. v. Hale*, 90 Ala. 8. Counsel discuss other assignments of error, but without citation of authority.

DOWDELL,, J.—The complaint, after amendment was not. open to the grounds of demurrer stated. In each of the counts the relationship of passenger and carrier was shown,. as also the duty for the alleged violation of which the suit was brought. A substantial cause of action was stated.

The words "put off the train," where they are used in the complaint and the connection in which they are used,

were not intended to convey the idea of any forcible ejection. It is plain from the reading of the complaint that the expression in the connection employed implies nothing more than that the plaintiff got off the train in response to the invitation of the conductor and the statement by him that it was her station. The insistence, therefore, that there was a material variance in this respect between the allegation and the proof, is without merit.

The defendant filed three pleas; the first two being the general issue, and the third a special plea. A demurrer was interposed to the 3rd plea, but the record does not show that any action was taken by the court on the demurrer. The judgment entry recites that "issues was joined on the pleadings." From this it will be presumed on appeal that the demurrer was abandoned and that issue was joined on the third plea. The evidence without dispute supported this plea, and on the undisputed evidence the defendant was entitled to the general charge as requested in writing. The rule is too well settled to call for citation of authorities that when issue is taken on an immaterial plea, and the plea is proven, the defendant is entitled to judgment in his favor.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.