# Louisville & Nashville Railroad Co. v. Seale.

*Damages for Injury to Passenger.*

(Decided April 15, 1909. 49 South. 323.)

1. *Carriers; Passengers; Stopping at Destination.*—It is the duty of a conductor of a carrier to take up tickets within a reasonable time after leaving a station, and when he takes up a ticket to a flag station, it is notice to him that the passenger desires to get off at that station.

2. *Same; Taking up Tickets; Jury Question.*—The evidence in this case stated and examined, and held to require a submission to the jury of the question as to whether or not the conductor had a reasonable time after leaving the station to take up the tickets for the next stop.

[Louisville & Nashville Railroad Co. v. Seale.]

3. *Same; Evidence.*—Where the action was by a passenger for damages for being carried beyond the station of her destination, it was permissible to show what became of plaintiff immediately after she reached the house of the witness as bearing upon the condition of plaintiff. So also was it admissible to show what the rules of the company are as to where passengers get on and off the train, as bearing upon the question whether or not the employes of the railroad knew that plaintiff boarded the train and whether or not she had an opportunity to inform such employes as to her destination; so also was it admissible to show what was the custom and usage of the defendant as to trains leaving the station at which plaintiff boarded it; but it was not admissible to show by a witness that this was the first time he had ever seen a carrier carry a passenger by a flag station.

4. *Same; Instructions.*—Where the action was against a carrier for carrying a passenger beyond her destination, a charge asserting that if plaintiff, after being carried past her station, got off the train voluntarily, and was not put off by defendant's agents or servants, or some of them, the jury must find for the defendant, is properly refused.

5. *Trial; Presentation of Evidence; Necessity for Objection.*—Where no objection is made to the question an objection made to a responsive answer thereto comes too late.

6. *Charge of Court; Credibility of Witness.*—A charge asserting that if the jury believed from the evidence that any witness willfully swore falsely to any material matter, in the case, they may disregard his, her or their entire testimony, while inaptly expressed means simply that the jury is at liberty to disregard the testimony of the witness who has sworn falsely, and was properly given.

APPEAL from Shelby Circuit Court.

Heard before Hon JOHN PELHAM.

Action by Delia Seale a passenger against the Louisville & Nashville Railroad Company for damages for being carried beyond destination. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The court refused the following charges to the defendant: "(C) The court charges the jury that if the plaintiff, after being carried beyond Dean's Station, got off the train voluntarily, and was not put off by defendant's agent or servant, or some of them, they must bring a verdict for the defendant."

The following charge was given for the plaintiff: "(A) Gentlemen of the jury, if you believe from the evidence that any witness willfully swore falsely to any material

fact in this case, then you may disregard his, her or their entire testimony."

WHITSON & HARRISON, for appellant. Under the facts in this case the appellant was entitled to the affirmative charge.—2 Hutchinson on Carriers, pp. 1327-8; 6 Cyc. 585; 25 A. & E. Ency of Law, 1115; *Railroad Co. v. Smith,* 110 Tenn. 197; *Cent. of Ga. Ry. Co. v. Dorsey,* 106 Ga. 827; *Pence v. L. & N.,* 64 S. W. 905; *Gulf C. & S. F. Ry. Co. v. Ryan,* 18 S. W. 866. Appellant was entitled to the affirmative charge under the pleading.—*Bir R. & E. Co. v. Babb,* 130 Ala. 334. It was not competent to show what became of the plaintiff immediately after she reached the witness' house.—*Mobile St. Ry. Co. v. Waters,* 135 Ala. 227. Hypothetical questions must be based upon proven facts.—*Bostick v. The State,* 94 Ala. 45. Charge C should have been given.—*L. & N. v. Dancey,* 97 Ala. 338. The court's attention is especially called to the following case as decisive of the questions involved in this case.—*R. I. A. & L. R. Co. v. Stevens,* 105 S. W. 1032.

W. R. OLIVER, and FRANK S. WHITE & SONS, for appellee. By the sale of a ticket from one station to another even though a flag station, a railroad company undertakes to carry a passenger to his destination, and let him off there, and is bound to fulfill his obligations.— *M. K. & T. R. R. Co. v. Glass,* 102 S. W. 447; *San Antonio & A. T. Ry. Co. v. Dykes,* 45 S. W. 758; *Chattanooga R. & C. R. R. Co. v. Lyon,* 32 Am. St. Rep. 72. It is the duty of a conductor to learn the destination of passengers before reaching such destination.—Authorities supra. It was competent to show what became of plaintiff after reaching witness' house.—79 Ala. 315; 93 Ala. 9; 48 Am. Rep. 179; 90 Am. Dec. 332. It is competent

to show the custom as to how the trains stopped at each particular station.—91 Ala. 421; 110 Ala. 161; 12 South. 165. When a rule has no application to an issue, it is inadmissible.—*Hissong v. R. & D. R. R. Co.,* 91 Ala. 514, Charge C was properly refused.—*A. G. S. v. Huddleston,* 82 Ala. 218; *L. & N. v. Quinn,* 39 South. 756. Charge A given at the request of the plaintiff was correct.—*Burton v. The State,* 115 Ala. 1; *A. G. S. v. Frazer,* 93 Ala. 45.

SIMPSON, J.—This suit was brought by the appellee against the appellant to recover damages for being carried beyond her destination as a passenger on defendant's railroad. The facts, as detailed by the plaintiff herself, are that she purchased a ticket from Calera to Dean's Station, a distance of about three miles; that she boarded the car at the railroad crossing, after which the train moved to the "old depot," where passengers usually got on, and remained in her seat; that the conductor did not come around for her ticket until the train had passed Dean's Station about a mile and a quarter, when he stopped the train, on discovering her destination, but refused to go back to Dean's Station, and she got off there. She stated that she had traveled between the two points frequently, was familiar with the locality and knew when the train was approaching that station; that the flagman was in the car, very near to her, when the train was approaching Dean's Station, and had been, all the time, yet she did not inform him or any one else that she wished to stop there, because, as she testifies, " I did not think it was my place;" that the first time she saw the conductor was shortly after the train had passed the station; that she did not say anything to him, but made a slight motion with her hand, and waited till he reached her in the regular course of taking up the tickets. The

conductor testified that he commenced taking up the tickets in the front car, according to custom, shortly after leaving Calera, was delayed in the smoker a short time by some drunken men, who were long in finding their tickets, etc., and then proceeded as rapidly as possible, reaching the front end of plaintiff's car (she being on a rear seat) just before they reached Dean's Station, and that he did not see her make any sign. He was corroborated by the "news butcher" and the flagman.

While it may be that, under the peculiar circumstances of this case, it was the duty of the passenger who had a ticket to a flag station to inform the conductor or some employe of the company that she desired to get off at that station, yet the taking of the ticket by the conductor is sufficient notice to him, and it is his duty to take up the tickets within a reasonable time after leaving stations; and in this case it was a question for the jury to determine whether or not the conductor had had a reasonable time, after leaving Calera, in which to take up the tickets. Consequently there was no error in the refusal to give the general charge in favor of the defendant.—*Chattanooga, etc., R. v. Lyon,* 89 Ga. 16, 15 S. E. 24, 15 L. R. A. 857, 32 Am. St. Rep. 72.

There was no error in permitting the witness Mrs. Sara Martin to answer the question, "What became of Mrs. Seale immediately after she came to your house?" The answer was proper for showing the condition of the plaintiff.

The court did not err in overruling the objection by defendant to the answer by the witness Miss Olia Martin to the question, "State what the custom is as to how the train stops," etc., because no objection was made to the question, and the answer was responsive to the question.

There was error in sustaining the objection to the question to the witness Roy Oliver, "What is the rule

[Louisville & Nashville Railroad Co. v. Seale.]

of the company as to where passengers get on and off the train?" as it has a bearing upon the question as to whether the employes knew that plaintiff had boarded the train, and also upon that as to whether she had had an opportunity to inform the employes of the company of her destination. For the same reasons, there was no error in sustaining the objection to the question to the same witness, "What was the custom and usage of the L. & N., about trains leaving Calera?"

As to the objection to the question by plaintiff's counsel, "Suppose they did not see any of the crew," etc., great latitude is allowed on cross-examination; and the answer, at any rate, was that the witness did not know the rule. Hence there was no error in overruling the objection.

The court erred in permitting the witness Oliver to testify that this was the first time he had ever seen a passenger carried by a flag station, as this case must be tried on its own merits, without regard to what was done in other cases.

Charge C, requested by the defendant, was properly refused.—*Southern Railway Co. v. Sallie Melton,* 158 Ala. 404, 47 South. 1008.

Charge A, given on request of plaintiff, is not accurately expressed; but we think its meaning is clear to the effect that the jury was at liberty to disregard the testimony only of the witness who had sworn falsely and not the testimony of all the witnesses, as appellant construes it.

It is unnecessary to consider the motion for a new trial. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.