# Louisville & Nashville R. R. Co. *v.* Seale.

*Injury to Passenger.*

(Decided April 13, 1911. Denied May 5th, 1911.
55 South. 237.)

1. *Carriers; Passengers; Carrying Past Destination; Negligence.* —On the evidence in this case it was a question for the jury to determine whether the conductor of the carrier was negligent in not ascertaining that there was a passenger for that station, and whether plaintiff was negligent in failing to inform the conductor or flagman that she wished to get off there.

2. *Same; Evidence.*—Where the action was against the carrier for failure to stop at plaintiff's destination to permit her to alight, and where plaintiff was permitted to alight elsewhere, evidence as to the condition of the ground between the place where plaintiff alighted, and her home, to which she was compelled to walk, was admissible to show the probable result of having to walk over such ground to get home.

[Louisville & Nashville R. R. Co. v. Seale.]

3. *Same; Variance.*—Where the action was by the passenger against the carrier for damages for failure to stop the train and permit plaintiff to alight at her destination, a variance between the complaint and the evidence as to when plaintiff told the conductor of her infirm condition, affecting only the amount of recovery and not the right of action, did not justify the giving of the general charge for the defendant.

4. *Same; Instruction.*—Where the action was by a passenger against a carrier for failure to stop at plaintiff's destination, a charge asserting that if plaintiff refused to go to the station beyond, when the conductor offered to take her to that station, and the conductor did offer so to do, and, after refusing, plaintiff told the conductor to let her off where she was, and the train was then stopped, and she voluntarily got. off, then she could not recover, implied an obligation on the plaintiff to go to the next station, and was properly refused:

5. *Appeal and Error; Review; Exceptions.*—An objection to an erroneous instruction cannot be reviewed where the record fails to show that an exception was reserved thereto, or that the trial court's attention was called thereto at the time.

6. *Evidence; Conclusion; Knowledge of Another.*—A question propounded to a witness "your sister knew, etc.," was improper as calling for a conclusion of the witness and facts as to what another knew.

7. *Same.*—Where the action was by passenger against the carrier for a failure to stop at the destination and let off plaintiff, questions as to how a conductor would know that he had a passenger for a particular station, were not objectionable as asking a witness to testify as to the knowledge of another.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Delia Seale, a passenger, against the Louisville & Nashville Railroad Company, for damages resulting to her from being carried beyond her destination.    Judgment for plaintiff, and defendant appeals. Affirmed.

The facts and the exceptions to the admission and rejection of testimony sufficiently appear from the opinion.    The following charges were refused to the defendant:    (B) "The court charges the jury that if you believe from the evidence that the plaintiff refused to go on to Spring Junction when the conductor offered to take her on to Spring Junction, and if you find that the conductor did offer to take her on to Spring Junction,

and, after so refusing to go on to Spring Junction, plaintiff said to conductor, in substance, 'Let me off here, then,' and the train was then stopped, and she voluntarily got off, you must find your verdict for the defendant." (C) "The court charges the jury that if you believe from the evidence that the plaintiff voluntarily left said train after the same had passed Gaines Station, and refused to be carried on to Spring Junction, you should find your verdict in favor of the defendant."

WHITSON & HARRISON, for appellant. It is insisted that appellant was entitled to the affirmative charge first because the evidence conclusively showed that there was no negligence on the part of defendant's servant such as averred in the complaint.—L. & N. R. R. Co. v. Johnson, 79 Ala. 436; Conrad v. Gray, 109 Ala. 130; Williams v. McKissick, 125 Ala. 544; B'ham R. & E. Co. v. Brannon, 132 Ala. 431; A. G. S. R. R. Co. v. Thomas, 83 Ala. 343; Hood v. Pioneer M. & M. Co., 95 Ala. 461; Pryor v. L. & N. R. R. Co., 90 Ala. 32. There can be no recovery for subsequent negligence not declared on.—L. & N. R. R. Co. v. Lowe, 158 Ala. 395. Defendant was entitled to the affirmative charge for the reason also that the complaint averred that plaintiff notified the conductor of her physical and mental condition prior to the carrying of her past her station, while the proof showed that such notice was not given until after the station had been passed.— Sheffield Co. v. Norton, 49 South. 776; Wilkinson v. Mosely, 18 Ala. 291; N. A. R. R. Co. v. Mansell, 138 Ala. 564. The plaintiff was guilty of contributory negligence in failing to inform the conductor, or some other employee on the train, that she desired to get off at Dean Station.—L. & N. R. R. Co. v. Seale, 160 Ala. 584. It appears that defendant proved beyond the possibility

[Louisville & Nashville R. R. Co. v. Seale.]

of a doubt its pleas of contributory negligence and therefore the defendant was entitled to the verdict.— *So. R. R. Co. v. Melton,* 158 Ala. 409; *M. & C. R. R. Co. v. Martin,* 131 Ala. 277; *Breitling v. Marx,* 123 Ala. 226. It follows that the defendant was entitled to the affirmative charge on the pleas of contributory negligence.— Authorities supra. Counsel discuss the charges refused and the evidence objected to but without citation of authority.

W. R. OLIVER and FRANK S. WHITE & SONS, for appellee. Where there is a conflict in the evidence upon a material point the affirmative charge cannot be properly given.—*Chambliss v. Marylee C. & R. Co.,* 104 Ala. 655; *Wells v. Cody,* 112 Ala. 278. Where a case has been formerly appealed and retried on the same pleading and evidence, a failure to raise the question of variance on the former appeal is a waiver of it on a subsequent appeal.—3 Cyc. 398; *L. & N. R. R. Co. v. Thornton,* 117 Ala. 284; *A. G. G. & A. Ry. Co. v. Bates,* 46 South. 776; *Odom v. Moore,* 41 South. 162. On these authorities it must be held that there was no variance. Plaintiff was not guilty of contributory negligence.—*L. & N. R. R. Co. v. Seale,* 160 Ala. 587; 45 S. W. 758; 15 L. R. A. 857. There was no error in the court's oral charge.— *Postal Tel. Co. v. Hulsey,* 132 Ala. 447. If there was error the court corrected it.—*W. I. & F. Co. v. Ott,* 50 South. 901. Charges B and C were clearly erroneous. —*So. R. R. Co. v. Melton,* 158 Ala. 404; *Sellers case,* 93 Ala. 9. Counsel discuss objections to evidence and insist that the court was without error in its action thereon.

SIMPSON, J.—This case was before this court at a previous term, and was fully reported.—See *L. & N. R. R. Co. v. Seale,* 160 Ala. 584, 49 South. 323.

[Louisville & Nashville R. R. Co. v. Seale.]

The testimony on this trial is substantially the same as on the former trial, except that on this trial the plaintiff testifies that, when she made the motion with her hand to the conductor, he was looking at her. It is true that she stated that at the time when the conductor came into the car and was talking with the lady the train had already passed Dean's Station, but there is a conflict on this point, the testimony of the conductor and the boy who was behind him tending to show that this was just before the train reached Dean's Station.

From a re-reading of the entire testimony, the court holds that it was for the jury to determine whether or not there was negligence on the part of the conductor in not ascertaining that there was a passenger for Dean's Station, and also whether or not the plaintiff was guilty of contributory negligence in not informing the conductor or flagman that she wished to get off at Dean's Station. Consequently there was no error in the refusal of the court to give the general charge in favor of the defendant. We do not deem it necessary to examine in detail all of the exceptions taken on minor points.

We have shown above that the evidence is not without conflict on one point, and we may say generally that the questions as to the condition of the ground between the place where the plaintiff got off the train and her home were properly admitted as tending to show the probable result of having to get off where she did and walk to her home. Several of the questions asked and objected to were not answered. As to others, the objection was not made until after the question was answered; and, as to others, the objections were general, without specifying any grounds. On the whole, we discover no reversible error.

If there was a variance between the complaint and the evidence as to when the plaintiff told the conductor of her infirm condition, that went only to the amount of the recovery, and not to the right of action, so that it did not justify the giving of the general charge requested by the defendant. The cases of *Louisville & Nashville Railroad Co. v. Landers,* 135 Ala. 505, 33 South. 482, and *Central of Georgia Railway Co. v. Barnett,* 151 Ala. 407, 44 South. 392, have no application to the opinion of an expert physician as to the cause of the injury to his patient, and the physician in this case did not testify as to the quantum of the damages.

The questions as to how a conductor would know that he had a passenger for Dean's do not infringe upon a point in the *Perkins Case,* 165 Ala. 471, 51 South. 871, and others, as to testifying to the cognitions of another, but merely go to a statement as to the facts —what means of knowledge he had; while the question to Mrs. Wood, "Your sister knew," etc., did and was properly excluded.

The defendant excepted to that portion of the oral charge of the court as follows: "The plaintiff's contention is that the conductor did not use reasonable diligence in taking up tickets; that after he came into the coach he stopped and conversed with a lady an unnecessary length of time; and that while he was doing this she beckoned to him to let him know that she was going past her destination, and that he paid no attention to her, but continued to converse with the lady. If you should believe that, it would not be reasonable diligence if he stopped to gossip with passengers—that would be negligence. The conductor denies this, and says he did not do it, says one lady passenger asked him a question and he replied to it, and went on. It is for you to say whether that is true or not." The court then said to the

jury: "Gentlemen, the defendant objects to the statement made to you that if the conductor stopped and talked to the lady for several minutes that would have been negligence. So far as my saying it is negligence, I withdraw that from your consideration. It is for you to say whether that was negligence or not." The defendant made no further exception or objection, but now contends that said "explanation failed to correct that portion of the charge which instructs the jury, among other things, that the plaintiff's contention was that, while the conductor was conversing with this lady, 'she beckoned to him *to let him know that she was going past her destination.*'" The record does not show that the court's attention was called to the objectionable expression to the effect that plaintiff's beckoning to the conductor was "to let him know that she was going past her destination." We think the exception without merit.

There was no error in the refusal to give charges B and C. They imply an obligation on the plaintiff to go on to Spring Junction.—*Ala. Gt. So. R. Co. v. Sellers,* 93 Ala. 9, 14, 15, 9 South. 375, 30 Am. St. Rep. 17; *Southern Railway Co. v. Melton,* 158 Ala. 404, 47 South. 1008; *L. & N. R. R. Co. v. Seale,* 160 Ala. 584, 49 South. 323.

There being no error in the record, the judgment of the court is affirmed.

Affirmed.

MAYFIELD and SOMERVILLE, JJ., concur.

McCLELLAN, J. (concurring).—In the absence of a binding (upon a ticket passenger) rule of the carrier requiring such passengers, for known, to such passengers, flag stations, to notify the conductor of the train,

before arriving at the ticket stipulated destination, that the passenger's destination is for that point, there is no primary obligation on such ticket passenger to notify the conductor of his or her destination.—*San Antonio Ry. Co. v. Dykes* (Tex. Civ. App.) 45 S. W. 758; *Mo., K. & T. Ry. Co. v. Glass,* 46 Tex. Civ. App. 126, 102 S. W. 447; *C. R. & C. R. R. Co. v. Lyon,* 89 Ga. 16, 15 S. E. 24, 15 L. R. A. 857, 32 Am. St. Rep. 72; 2 Hutchinson on Carriers, § 1126, pp. 1327, 1328; *Pence v. L. & N. R. R. Co.* (Ky.), 64 S. W. 905. The ticket sold by the carrier to the passenger for such destination is conclusive notice to the carrier of the fact of such passenger's destination.—*San Antonio Ry. Co. v. Dykes, supra; Mo., K. & T. Ry. Co. v. Glass, supra.* If the conductor, the carrier's representative on the train, is negligent in the performance of his duty to take up tickets held by those en route, that omission is of no moment to the ticket passenger to a flag station, in the absence of a binding rule before indicated, unless after being advised by facts or circumstances that he (passenger) will be or has been carried beyond his ticket stipulated destination at a flag station he fails, under familiar doctrine, to exercise reasonable care and diligence to avert the damnifying consequences of a breach of the duty owed to him by the carrier.

Contributory negligence must be founded on a breach of duty. As I view it, there is no primary duty on the ticket passenger to a flag station to anticipate that the carrier will not perform its contract and duty with respect to the stopping of its train on which the ticket passenger is en route at the ticket stipulated destination at a flag station. On the contrary, in the absence of countervailing facts or circumstances brought to the knowledge of a ticket passenger, and in the absence of the binding rule before mentioned, such passenger may

. assume that he will be afforded proper opportunity to alight at the destination stipulated in the ticket the carrier has sold him.

These views are not in accord with some of the rulings made in this case on former appeal (160 Ala. 584, 588, 49 South. 323) and reflected in the opinion on this appeal.

Holding the view of the law indicated, I concur in the result only.

