# Louisville & Nashville Railroad Company v. Fuqua.

## Carrying Passenger Beyond Destination.

(Decided May 14, 1914. 65 South. 396.)

1. *Carriers; Passengers; Contract; Setting Down at Flag Station.*—There is no primary obligation on a passenger being carried upon a ticket to give notice to the conductor of the point of his destination before arriving thereat, in the absence of a rule of the carrier binding on the passenger, the ticket being conclusive notice of the destination; the carrier cannot escape liability for carrying beyond such destination because of the failure of the conductor to ascertain the destination, although the train passed such destination before the conductor reached the car where the passengers were.

2. *Same.*—A flagman of the carrier whose duty it was to inquire the destination of passengers entering the train and advise the conductor of those going to a flag station, who asked a group of ladies, including plaintiff, where they were all going, to which one replied that she was going to a point near B., and to which plaintiff going to a flag station made no reply, was not warranted in assuming that the response of one of the passengers other than plaintiff indicated plaintiff's destination.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mrs. Nellie M. Fuqua against the Louisville & Nashville Railroad Company for damages for being carried beyond her destination as a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, for appellant. The court was in error in instructing the jury as a matter of law to return a verdict for plaintiff.—8 A. & E. Enc. of Law, 560. Neither the flagman nor the conductor knew of plaintiff's destination until after it was passed, and the presumption was that the group of which plaintiff was one, were going to the place indicated by the answer of one of the group.—*L. & N. v. Seale*, 160 Ala.

[Louisville & Nashville Railroad Company v. Fuqua.]

584. The damages awarded were excessive, and the court should have granted motion for new trial.—53 N. E. 1024; 15 S. W. 107; 24 S. W. 451.

HARSH, BEDDOW & FITTS, for appellee. Under the evidence the company was liable under the evidence at least for nominal damages, and hence there was no error in directing the jury to find for plaintiff.—*B. R. L. & P. Co. v. Seaborn,* 168 Ala. 658; *Same v. Arnold,* 60 South. 989; *M. & O. v. Moreland,* 61 South. 424. The damages were not excessive, and the court properly declined to set aside the verdict.—Authorities supra;*L. & N. v. Cornelius,* in MSS. The ticket is conclusive notice to the conductor of the destination of the passenger, and in the absence of a binding rule of the carrier, no duty rests on the passenger to give notice.—45 S. W. 758; 32 Am. St. Rep. 72; 2 Hutchison on Carriers, 1126; *L. & N. v. Seale,* 172 Ala. 487.

McCLELLAN, J.—Action by a ticket passenger against the carrier for negligent breach of duty in carrying the passenger beyond her destination. There were three counts, but those numbered 2 and 3 were charged out at defendant's instance. The right, under the evidence, to recover exemplary damages was denied plaintiff by instructions given the jury. The fact that plaintiff was carried by her destination, stipulated in her ticket, was admitted. Her destination, Magella Station, was a flag station about three miles from the city of Birmingham.

In the absence of binding (upon a ticket passenger) rule of the carrier, known to such passenger requiring such passenger for a flag station to notify the conductor of the train of their ticket-stipulated destination before arrival thereat, there is no primary obligation on such

ticket passenger to notify the conductor of such passenger's destination. In the absence of such rule, so known or promulgated as to bind the passenger, the ticket sold by the carrier to the passenger is conclusive notice to the carrier of the fact of such passenger's destination.—*San Antonio Ry. Co. v. Dykes* (Tex. Civ. App.) 45 S. W. 758; *M., K. & T. Ry. Co. v. Glass,* 46 Tex. Civ. App. 126, 102 S. W. 447; *C. R. & C. R. R. Co. v. Lyon,* 89 Ga. 16, 15 S. E. 24, 15 L. R. A. 857, 32 Am. St. Rep. 72; 2 Hutchinson on Carriers, § 1126, pp. 1327, 1328; *Pence v. L. & N. R. R. Co.* (Ky.) 64 S. W. 905. The carrier, without such a rule in force cannot claim exoneration from liability, in carrying a ticket passenger beyond destination, because of the failure or omission of the conductor of the train to ascertain such passenger's destination. There are expressions in the majority opinion in *Seale's Case* (160 Ala. 584, 49 South. 323; 172 Ala. 480, 55 South. 237) that must be taken as explained by the fact that there the passenger did not enter the train at a particular place regularly used for taking on passengers.

Furthermore, in the instant case it was shown by the conductor that it was the flgman's duty to at least inquire of passengers entering the cars of the carrier their destination, and to advise the conductor of those entrained for "a short station like Magella." The evidence shows without dispute that the flagman did not observe this duty when plaintiff entered the train at the station in the city of Birmingham at a time when the flagman of this train was at the place of entrance and passengers were being received for transportation. The flagman testified that three or four ladies came up to enter and he asked, "Where are you all going?" One of the ladies replied that *she* was going to some point near Bessemer. The flagman states that the plaintiff made

no reply. It is manifest that this general inquiry and the response made by one only of the ladies did not invite the flagman to assume, much less justify the flagman in assuming, that the single, individual response he affirms he got indicated the destination of Mrs. Fuqua.

The train reached and passed Magella before the conductor entered, in order, the coach in which plaintiff was located. This fact, as stated, was immaterial. The sale of the ticket to plaintiff concluded the defendant from denying or questioning the fact of its knowledge of this plaintiff's destination, by which she was negligently carried. Under the evidence there was no error in giving the affirmative charge, with hypothesis, for plaintiff. It did not trench upon the *measure* of the recovery.

It is insisted that the verdict and judgment for $140 represents an excessive exaction. There is permissible argument for and against this view. The solution of the question thus made is not free from doubt. In such circumstances, under the evidence here shown, we are not convinced that the amount manifests such a yielding by the jury to passion or prejudice as would warrant this court in disturbing the judgment.

The judgment is affirmed.

Affirmed. All the Justices concur.