# Louisville & Nashville Railroad Company *v.* P. C. Dancy.

*Action by Passenger for Failure to Stop at Destination.*

1.  *Joinder of case and trespass in one count.*—Where, in an action by a passenger against a carrier, it is alleged in the only count of the complaint that the defendant failed and refused to stop the train at the plaintiff's destination, whereby she, a passenger, was unable to get off, and further alleges that she was carried past said station and put off with her baggage against her protest and objection, it is a joinder of case and trespass and being alleged conjunctively, a general denial of the defendant, imposed on the plaintiff the burden of proving both phases of the case made out by the complaint.

APPEAL from Montgomery Circuit Court.
Tried before Hon. JOHN P. HUBBARD.

CHARLES P. JONES, for appellant, cited, *L. & N. R. R. Co.,* *v. Johnson,* 79 Ala. 436 ; 3 Sutherland on Dam. 225 ; *Trigg* *v. St. L. & C. R. R.,* 74 Mo. 147 ; *Wilkinson v. Searcy,* 76 Ala. 181.

CHARLES WILKINSON, for appellee. No brief came to hands of the reporter.

HEAD, J.—This action joins case and trespass in one count ; case, in that defendant "failed and refused to stop the train," at Letohatchie, the station of plaintiff's destination, whereby she, a passenger, was unable to get off ; trespass, in that "plaintiff was carried past said station about one half mile and *put off with her baggage against her protest and objection.*" Plea, general denial.  A failure and refusal to stop the train, as alleged, of itself constituted an actionable wrong.   Such failure and refusal if committed, might by some matter, pleaded in avoidance, be justified or excused, and yet, if thereafter, the plaintiff was carried a half mile beyond her station and forcibly and, against her protest and objection, ejected from the train, as alleged, a distinct actionable wrong of a different character was com-

mitted. No objection was made by demurrer to the method of pleading these causes of action.

The failure and refusal to stop the train being alleged conjunctively, it was essential to a recovery, for that cause, that plaintiff proved that defendant not only failed, but wilfully refused, to stop the train at the station. To recover for the other cause, it was incumbent on her to prove that she was *put off the train against her protest and objection*, after the station had been passed. These are the issues the pleadings make. They are such as the plaintiff herself tendered, and upon them the case must be tried. The case of *L. & N. Railroad Co. v. Johnston*, 79 Ala. 436, is directly in point upon both propositions.

The bill of exceptions sets out all the evidence, and it shows without shade of conflict or dispute, that defendant's servants operating the train did not wilfully refuse to stop the train at the station, but made every reasonable effort in their power to stop it, and that it was not stopped owing to the appliances imperfectly communicating the signal to the engineer. The station was not a regular stopping place, and trains stopped there only upon signal from the conductor or upon being flagged. Similarly, in reference to plaintiff's forcible ejection from the train, she and the conductor both testified that she left the train without any protest or objection whatever, and there is no evidence in conflict with their testimony on that point. There were, therefore, fatal variance between the allegations and the proof in respect of both causes of action, and the general affirmative charge requested by the defendant should have been given.

In the light of the evidence found in the record, and in anticipation of probable amendment of the pleadings, we formulate some principles for the guidance of the lower court on another trial.

1. When the train ran past the station and stopped, it was the conductor's duty to cause it to be returned, in order that plaintiff might depart at the station; and if that duty was not waived by plaintiff and was not performed, plaintiff is entitled to an action.

2. If the conductor offered to return, or manifested to plaintiff a purpose to do so, and plaintiff would not wait for the brakes to be put in condition that he might do so; or if she otherwise waived such return and voluntarily left the train, no action will lie.

3. If the conductor did not offer to return, or manifest to plaintiff a purpose to do so, and if plaintiff left the train, as the best thing she could do, after the conductor had had

[Louisville & Nashville R. R. Co. v. Dancy.]

reasonable opportunity to make known to her a purpose on his part to return, if he had such a purpose, then she is entitled to an action.

4. If the conductor failed to return, or offer to do so, and compelled the plaintiff to leave the train against her will an action lies.

5. If either of the actionable wrongs mentioned was committed and no actual substantial loss or damage was suffered by the plaintiff by reason thereof, and, under the circumstances of the case, vindictive damages are not recoverable, then the plaintiff would be entitled to recover nominal damages; in a proper action.

6. If in consequence of either of the actionable wrongs mentioned, plaintiff had to walk back to the station, or was made sick, or suffered mental distress, these consequences may be considered as elements of actual damage; and the state of the weather may be considered.

7. If plaintiff was made sick by a walk and exposure caused by defendant's wrong, and her ride home aggravated such sickness beyond what would have ensued had she not taken it, the question whether the aggravated sickness should be considered an element of damage or not, will depend upon whether the jury shall be of opinion that the ride home was such, under all the circumstances then surrounding the plaintiff, as a reasonable prudent person, similarly situated, would have taken. If yea, she would be entitled to damage for such aggravated sickness; otherwise not. Of course, in no event, can she recover for sickness caused by her long travel, unless that sickness was aggravated by the walk she had to take back to the station, (not by the ride home which she would have taken if the train had regularly stopped) and then only for such aggravation.

8. On the question of vindictive damages the case of A. G. S. Railroad Co. v. Sellers, 93 Ala. 9, and the authorities collated in L. & N. Railroad Co. v. Johnston, supra, will furish sufficient guides.

With the statement of these principles we need not consider in detail the several charges requested and refused.

Though we can not anticipate how it is to be done, the plaintiff may make relevant, on another trial, the fact that the train stopped at Greenville without running past, and made other stops on the trip.

Reversed and remanded.