[Central of Ga. Ry. Co. v. Morgan.]

# Central of Ga. Ry. Co. *v.* Morgan,

## *Carrying Passenger Beyond Destination.*

### (Decided May 24, 1909.  49 South. 865.)

1. *Action; Joinder of Separate Torts.*—Separate and distinct torts inflicting separate and several injuries each subject to separate and distinct defenses, and each furnishing a separate and distinct cause of action may be joined in one complaint, but should be presented in different counts.

2. *Action; Misjoinder of Causes.*—The averment of the use of insulting language being but an additional element of special damages does not render a complaint demurrable for a misjoinder of causes of action although the complaint alleged that the carrier negligently carried his passenger past his destination and that the servants of the carrier used insulting language towards the passenger in carrying him past.

3. *Appeal and Error; Questions of Fact; Amount of Damage.*— The amount of damage for physical pain or injury resulting from negligence must be left to the determination of the jury under the evidence of the particular case, and unless it appears to the court that the jury abused this discretion or arbitrarily fixed the damages without regard to the evidence, the court will not disturb the finding because excessive or inadequate.

4. *Damages; Personal Injury; Duty to Reduce Damage.*—One sustaining injury at the hands of another must use reasonable effort to make his damage as light as possible.

5. *Carriers; Passengers; Damages.*—The carrier is responsible for the discomfort, inconvenience, expenses and charges proximately resulting from its breach of duty for carrying a passenger beyond his station; the damages are compensatory for the actual loss sustained by him unless there is some element of a gross disregard of the passengers right or of facts showing insult or abuse.

6. *Same; Excessive Danger.*—Where a passenger with a ticket boards a train which did not stop at his station and the conductor refused to stop the train or slow down to enable the passenger to alight but carried him to the station where he alighted, and the passenger lost several hours there, and was exposed to cold in the night time, and suffered from cold thereafter, a verdict of $500.00 damages reduced by the court to $250.00 cannot be held to be excessive.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Lott Morgan against the Central of Georgia Railway Company for damages for being carried be-

yond destination. Judgment for plaintiff and defendant appeals. Affirmed.

LONDON & LONDON, for appellant.—The demurrer to count 2 should have been sustained as there were two causes of action joined in the same count.—*L. & N. v. Dancy*, 97 Ala. 338. While separate and distinct torts may be joined in the same complaint they should be presented in different counts.—*A. G. S. v. Shehan*, 116 Ala. 302; *L. & N. v. Cofer*, 110 Ala. 491; *H. A. & B. R. R. v. Dusenberry*, 94 Ala. 413. The damages were excessive and motion for new trial should have been granted.—5 A. & E. Ency of Law, 697-8-9; *E. T. V. & G. v. Lockhart*, 79 Ala. 315; *A. G. S. v. Sellers*, 93 Ala. 9; *L. & N. v. Dancy, supra; L. & N. v. Quick*, 125 Ala. 554.

BOWMAN, HARSH & BEDDOW, for appellee.—The objection to the complaint was eliminated by amendment. The bill of exceptions does not state that it contains all the evidence, and the court will presume in support of the verdict that there was evidence to sustain it.—*Hall Co. v. Hall*, in MS. The damages were not excessive.—3 Sutherlin on Dam. sec. 953; 64 Miss. 80; 88 Ind. 464; 68 Tex. 621; 36 W. Va. 318.

MAYFIELD, J.—This was an action by the appellee (plaintiff) against the appellant (defendant) as a common carrier for negligently carrying him past the station of his destination. The gravamen of the complaint was that the plaintiff was negligently carried by his station; and the complaint originally contained the allegation that the defendant's servants or agents on said train, in or about carrying the plaintiff past his station, used insulting and abusive language toward him, and that the plaintiff was greatly humiliated and suffered great mental and physical pain. The defendant inter-

posed demurrers to the complaint, on several grounds; the one insisted upon most strongly being that there was a misjoinder of the causes of action, in that it was claimed that plaintiff was negligently carried by his station, and in addition thereto, in the same count, that the defendant's agents used insulting and abusive language toward the plaintiff.

It is true that, where there are separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, and to which there may be separate and different defenses, they may be joined in the same complaint, but should be presented in different counts.—*Shahan's Case,* 116 Ala. 302, 22 South. 509; *Dusenberry's Case,* 94 Ala. 413, 10 South. 274. We do not think that this count was subject to this objection. The latter averment was evidently intended, and could only have the effect, to claim an additional element of special damages not necessary to be proven; but it is not necessary for us to decide this, for the reason that it affirmatively appears that the complaint was amended by striking out the phrase and allegation objected to and by adding a fourth count, which was based upon that wrong alone.

The trial resulted in a verdict in favor of the plaintiff for $500. The defendant made a motion for a new trial on several grounds, among others for that the damages assessed were excessive, and that it clearly appeared that damages were awarded under the influence of passion or prejudice. This motion for a new trial was heard by the court, and, upon consideration thereof, the court made and entered the following order: "June 26, 1907. Plaintiff remits all damages in excess of $250, and thereupon motion overruled. H. A. Sharpe, Judge." To the refusal of the court to set aside the verdict and to grant a new trial, the defendant then and

there duly excepted. It is true that the measure of damages in cases like this, in the absence of some element of gross disregard of the passenger's rights, or of facts showing insult or abuse, is compensation merely for the actual loss or injury sustained by the passenger. The carrier in such cases, however, is also responsible for the discomfort, inconvenience, expenses, and charges shown to have been the direct, natural, and proximate result of the breach of the contract.—*Sellers' Case*, 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; *Quick's Case,* 125 Ala. 564, 28 South. 14; *Dancy's Case,* 97 Ala. 338, 11 South. 796.

It was undisputed that the plaintiff had a railroad ticket from Birmingham to Weems, his destination. It is also undisputed that the train on which he took passage did not stop at Weems, that the nearest stop to his point of destination was Henryellen, that the conductor refused to stop the train at Weems, or to even slow up the train so that plaintiff could jump off at that station or at another near by, and that he was carried by the carrier to Henryellen, where he alighted; that he lost several hours, and at this station stood out of doors, for several hours, upon a cold night; that in consequence of being so carried past his destination he had to walk to his mother's house, instead of riding, as he could have done had he been allowed to get off at his destination; that while so exposed in the nighttime he was without any overcoat or wrap, and that he had a cold in the head thereafter. There is a conflict in the testimony as to exactly what transpired or occurred between the plaintiff and the conductor of the defendant's train, and also as to what occurred between him and the defendant's agent at Henryellen, as to the latter's inviting or permitting him to come into the office by the fire, instead of remaining out in the cold. It is also true that, where a passenger has sustained an injury at the hands of the

[Central of Ga. Ry. Co. v. Morgan.]

carrier, it is the passenger's duty to endeavor to make his damage as light as possible.

If there was any evidence of physical pain or injury suffered as the proximate result of the negligence of the defendant's agent, which is actionable, then it would be impossible for the jury, the trial court, or this court to certainly ascertain the moneyed value of such injury or damage. There is no standard by which such damages can be certainly fixed or measured. It must be left to the discretion of the jury, to be ascertained and fixed by them in each particular case, and, of course, depends upon the evidence and circumstances of each particular case; and unless it appears to the trial or to the appellate court that there has been an abuse of this discretion by the jury, or that they have fixed the amount arbitrarily and without regard to the evidence, appellate courts will not disturb the findings, because excessive or because inadequate. It evidently appeared to the learned trial court that the verdict for $500 in this case was excessive, and it was probably so considered by counsel for appellee, though as to this it does not appear, whereupon plaintiff remitted $250 of the damages. The trial court considered it not to be so excessive as to authorize the granting of a new trial. The trial court in this case, as well as the jury, heard the evidence—heard all of it—and had some opportunity to pass upon the character, manner, and demeanor of the witness who deposed to it; and we are satisfied that under the circumstances the trial court was better prepared to pass upon the question as to whether or not the judgment was excessive than is this court upon a mere examination of the record.

The judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.