# Central of Georgia Ry. Co. *v.* Barnitz.

### Injury to Passenger.

(Decided May 11, 1916.   Rehearing denied December 30, 1916.
73 South. 471.)

1. **Carriers; Passengers; Measure of Damage.**—Where a passenger is set down at a place other than his destination he may recover damages for expenses, suffering, etc., in reaching his destination, but cannot ordinarily recover for occurrences happening thereafter.

2. **Same; Special Damages.**—Where a passenger is wrongfully set down at a place other than his destination if he desires to recover damages incurred after reaching his destination he must allege and prove that the carrier had notice of peculiar circumstances causing the damage.

3. **Same.**—Where a passenger is wrongfully carried past her destination and returns to her destination, paying for her own passage back to her destination, she cannot recover for injuries received while going from the depot at destination to her mother's home.

(Gardner, J., dissents.)    .

CERTIORARI to Court of Appeals.

Action by Mrs. Charles Barnitz against the Central of Georgia Railway Company for damages for injury while a passenger. There was judgment for plaintiff and defendant appealed to the Court of Appeals, where the judgment was affirmed. Defendant now brings certioari to review and revise said judgment as the same appears reported in 14 Ala. App. 354, 70 South. 945.

· Petition granted and the cause reversed and remanded to the Court of Appeals.

LONDON & FITTS and W. S. BROWER, for appellant. FRANK S. WHITE & SONS, for appellee.

PER CURIAM.— (1) The carrier's duty, stated with reference to the necessities of this case, is to put its passenger down

safely and on time at the point of his contract destination. In the absence of special circumstances known to the carrier, it need not be concerned about the passenger's arrangements for the further prosecution of his journey.—*Waldrop v. N. C. & St. L. Ry.*, 183 Ala. 226, 62 South. 769. A railroad journey is generally undertaken for some ulterior purpose; but the carrier's contract is only to take the passenger to a given destination on its line. "A traveler who sustains damages because of circumstances peculiar to himself cannot recover therefore unless he has given the carrier notice of the facts."—3 Suth. Dam. §§ 938, 939. For the proximate consequences of its negligent failure to perform its duty to a passenger, as alleged in this case, that is, for consequences that should in reason be anticipated as within the natural order of cause and effect and such as do in fact follow without negligence on the part of the passenger or the interposition of another independent cause, the carrier is liable. This court in a well-considered case, conforming to the authorities generally, has laid down the rule that a passenger who has been set down at a place other than his contract destination, without fault on his part, is entitled to recover damages for whatever expense, deprivation, delay, vexation, anxiety, or suffering of mind or body he may have incurred in a reasonable effort to reach or return to the point of his contract destination, but that what happens to him afterwards cannot be considered as an element of recoverable damage, since, in general, such subsequent happenings do not follow in the ordinary course of events for which the carrier is required to take prevision.—*L. & N. v. Quick*, 125 Ala. 553, 28 South. 14. With that case the following are strictly in line: *L. & N. v. Dancy*, 97 Ala. 340, 11 South. 796; *A. G. S. v. Sellers*, 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; *E. T. V. & G. v. Lockhart*, 79 Ala. 315.

(2) If in such a case it is sought to extend the liability to damages of more remote consequence, they should be brought within the purview of the carrier's duty by allegation and proof that it had notice of the peculiar circumstances out of which they have arisen.—Suth. Dam., supra; *Irby v. Wilde*, 150 Ala. 402, 43 South. 574; *Vest v. Speakman*, 153 Ala. 393, 44 South. 1017. The ruling in *Central of Georgia v. Morgan*, 161 Ala. 486, 49 South. 865, is in no wise opposed to the cases above. An inspection of the record in that case shows that no such question was raised. The elements of damages mentioned in the opinion had been alleged

in a manner to bring them within the rule of the *Quick Case* and had been proved without objection. In this state of the record the ruling was simply that the damages awarded in the trial court were not excessive in amount. We have been unable to find any solid ground on which to distinguish the case in hand from the *Quick Case* in respect of the damages here claimed for what happened to plaintiff after she had returned to Childersburg, her contract destination, and while she was further prosecuting her journey to her mother's home in the country at some distance from the defendant's railroad.

(3) In that case, as in this, the plaintiff had been carried beyond her destination, and in every substantial particular the disputed damages were suffered under just the same circumstances, that is, by reason of what happened after plaintiff had returned to her destination on the railroad. The only difference between the cases is that there the defendant returned plaintiff without expense to her, while here plaintiff paid for her passage back to her destination. That only meant in this case, if plaintiff established her right of action, that the price of the ticket back to Childersburg was to be added to the other damages sustained by her in her reasonable effort to reach that point. In principle the two cases are identical. The cause of action in both arose out of defendant's negligence in setting plaintiff down at the wrong place. Delay was the inevitable result of such wrong, and in each case the disputed elements of damage arose out of the fact that by reason of delay plaintiff's arrangements for the further prosecution of her journey, of which defendant knew nothing, were thwarted, so that in each case plaintiff was required to go on under circumstances different from those she had anticipated, whereby she suffered.

The trial court erred in its rulings on the evidence and in its instructions to the jury. The judgment should have been reversed.

Certiorari awarded. Reversed and remanded to the Court of Appeals for further consideration in accordance with this opinion.

ANDERSON, C. J., and MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur; GARDNER, J., dissents. THOMAS, J., not sitting.