(101 So. 615)

## NASHVILLE, C. & ST. L. RY. v. CAMPBELL. (7 Div. 508.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Carriers ☞271—Generally failure to stop train at passenger's destination is actionable.**

Generally a failure to stop train at point to which carrier has undertaken to carry and discharge passenger is per se a breach of duty for which an action technically lies.

2. **Damages ☞62(4)—Carrier's return of passenger to destination, beyond which · carried, mitigates breach of duty.**

Where carrier fails to stop its train at a point to which it agreed to carry and discharge passenger, consequences of breach may be mitigated by afterwards returning passenger to his destination, and there discharging him safely.

3. **Carriers ☞271—Running of train past usual place of debarkation no breach of duty if train stops in immediate vicinity.**

Merely running of train past usual place of debarkation is not a breach of duty so long as train stops in immediate vicinity.

4. **Carriers ☞275—Complaint in action for carrying passenger beyond destination held to state cause of action.**

In action for carrying woman passenger beyond destination, which was merely a flag station, in consequence of which person waiting for her there left before train brought her back, complaint *held* to state cause of action.

5. **Pleading ☞193(8)—Whether recovery may be had for consequential injuries proximately resulting from contractual breach not tested by demurrer.**

Whether recovery may be had for consequential injuries alleged, as proximately resulting from contractual breach complained of, cannot be tested by demurrer.

6. **Appeal and error ☞233(1)—Manner of objecting to overruling of motion to strike allegations supporting special damages stated.**

Objection to overruling of motion to strike from complaint allegations supporting claim for special damages must be. made by objections to the evidence, or by requested instructions, or it will not be reviewed on appeal.

7. **Carriers, ☞277(2)—Passenger held entitled to recover at least nominal damages for failure of carrier to stop at destination.**

Where defendant carrier offered no justification for its failure to stop train at plaintiff's

─────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

destination, plaintiff was entitled to recover at least nominal damages.

**8. Damages ⬦⟿56—Breach of contract justifying nominal damages will support recovery for mental suffering without proof of injury.**

In actions ex contractu, any breach of a contract entitling one to recover nominal damages will support a recovery for mental suffering without proof of injury to person or property.

**9. Carriers ⬦⟿277(4)—When special damages not recoverable against carrier in actions ex contractu stated.**

In actions ex contractu, special damages sustained because of peculiar circumstances, not within contemplation of parties when contract was made, and of which circumstances carrier had no knowledge, are not recoverable.

**10. Damages ⬦⟿1—Where action may be brought either on contract or in tort, recovery should be same.**

Where an action may be brought either ex contractu or in tort on same state of facts, the recovery should be the same in each case.

**11. Carriers ⬦⟿277(3)—Resulting mental suffering of passenger at whose destination carrier did not stop held compensable.**

Resulting mental suffering of passenger at whose destination carrier did not stop, destination being a flag station remote from habitations, and arrival thereto being about dark, *held* proper subject of damage; such consequences and avoidance, being within purview of contract to carry.

**12. Carriers ⬦⟿277(1)—Hardship and discomfort resulting from premature departure of passenger's kinsman on failure of train to stop at destination held not compensable.**

Where defendant carrier's train passed plaintiff passenger's destination, which was a flag station, and then shortly returned thereto to let her off, but in meantime her kinsman, who was at station to meet her, left the station on seeing the train go by, inconvenience, discomfort, and hardship resulting from the premature departure of plaintiff's kinsman *held* not compensable.

**13. Carriers ⬦⟿277(1)—Price of ticket held not recoverable for carrier's failure to stop at destination to which it promptly returned and discharged passenger.**

Where carrier negligently carried passenger beyond her destination, but promptly returned thereto and there discharged her, price of ticket was not recoverable.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Julia Campbell, a minor, suing by her next friend, J. A. Campbell, against the Nashville, Chattanooga & St. Louis Railway. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 450. Reversed and remanded.

The complaint is in three counts, all of which are based on the following facts, as alleged:

On June 8, 1923, plaintiff purchased a ticket for transportation over defendant's railroad line from Boaz to the flag station of Littleton, in Etowah county. Holding this ticket she became a passenger on one of defendant's passenger trains on that date, but said train failed to stop at Littleton, which was her destination, and "carried her by and beyond" the station. By prearrangement, plaintiff's brother-in-law was at the Littleton station to meet her, and, seeing the train pass without stopping, he had left the station before the train brought plaintiff back, so that plaintiff was put to great expense and trouble in reaching her brother-in-law's home where she finally arrived about midnight. Defendant knew, and plaintiff knew, that Littleton was a flag station merely, without accommodations for passengers, and without any means for the conveyance of passengers from the station to the place they wished to go; in consequence of which plaintiff suffered fright and anxiety, and was delayed at Littleton and put to expense and trouble in getting away to her brother-in-law's home.

The second and third counts allege more specifically that defendant knew the character of the station at Littleton, and was chargeable with knowledge of the alleged consequences to her of negligently carrying her by the station and delaying her in getting off of the train at the place intended.

Defendant demurred to each count of the complaint on numerous grounds, and the demurrer was overruled. Defendant then moved to strike from each count of the complaint the several allegations as to special consequential damage, which motion was overruled. The case was submitted to the jury on the first count, and resulted in a verdict for the plaintiff for $233.50, and judgment accordingly.

Goodhue & Lusk, of Gadsden, for appellant.

Count 1 states no cause of action, showing no breach of contract or recoverable damages. L. & N. v. Dancy, 97 Ala. 338, 11 So. 796; 10 C. J. 831; Taber v. Delaware, etc., Co., 71 N. Y. 489; Dreher v. Nat. Surety Co., 174 Ala. 490, 57 So. 34. The allegations that defendant knew Littleton was a flag station, the conditions as to transportation facilities, etc., were insufficient and mere conclusions. 10 C. J. 844; Johnson v. Birmingham, 149 Ala. 529, 43 So. 33; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Hall v. Montgomery, 208 Ala. 383, 94 So. 364; Lawson v. Townes, 2 Ala. 373; Cleveland Woolen Mills v. Sibert, 81 Ala. 140, 1 So. 773; C. of G. v. Barnitz, 198 Ala. 156, 73 So. 471; L.

& N. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695. There could be no recovery for the price of the ticket. C. of G. v. Morgan, 161 Ala. 483, 49 So. 865. The motion to strike should have been sustained. L. & N. v. Quick, 125 Ala. 563, 28 So. 14; Dreher v. Nat. Surety Co., supra; West. Union v. Garthright, 151 Ala. 413, 44 So. 212; West. Union v. Anniston, 6 Ala. App. 351, 59 So. 757. There could be no recovery for mental suffering, pain, or anguish. Blount v. West. Union, 126 Ala. 105, 27 So. 779; McLendon v. West. Union, 15 Ala. App. 230, 73 So. 120.

Dortch, Allen & Dortch, of Gadsden, for appellee.

When nominal damages are recoverable for breach of contract, damages for mental pain and anguish may be superadded in actions ex contractu. Blount v. West. Union, 126 Ala. 105, 27 So. 779; West. Union v. Manker, 145 Ala. 418, 41 So. 850; 28 Okl. 664, 115 P. 879, 49 L. R. A. (N. S.) 247, Ann. Cas. 1912D, 824. The carrier's duty is to put its passengers down safely and on time at the point of contract destination. C. of G. v. Barnitz, 198 Ala. 156, 73 So. 471. Such damages are recoverable as may reasonably have been within the contemplation of the parties as a probable result of a breach. Cato v. Williamson, 209 Ala. 477, 96 So. 321. Special damages are recoverable, where the special circumstances are known to the carrier, with notice of conditions. L. & N. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695; Worthington v. Goforth, 124 Ala. 656, 26 So. 531.

SOMERVILLE, J. The complaint in this case counts upon a breach of the defendant carrier's contractual undertaking to carry the plaintiff from Boaz to Littleton. The allegation of breach is that defendant failed to stop its train, on which plaintiff traveled, at Littleton, the point of her destination, and carried her on by and beyond the station. The complaint shows that the train returned to the station, and there discharged the plaintiff.

[1, 2] While there might be circumstances which would justify the failure of a passenger train to stop at a point to which it has undertaken to carry and discharge passengers—a question not here presented—the general rule undoubtedly is that a failure to stop the train at such a point is per se a breach of duty for which an action technically lies. A. G. S. R. R. Co. v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am. St. Rep. 17; L. & N. R. R. Co. v. Fuqua, 187 Ala. 464, 65 So. 396, 52 L. R. A. (N. S.) 668; B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; M. & O. R. R. Co. v. Moreland, 104 Miss. 312, 61 So. 424, 46 L. R. A. (N. S.) 52; 10 Corp. Jur. 825 (sections 1266, 1267). In L. & N. R. R. Co. v. Dancy, 97 Ala. 338, 11 So. 796, it was said:

"That a failure and refusal to stop the train, as alleged, of itself constituted an actionable wrong."

The consequences of the breach may be mitigated by afterwards returning the passenger to the point of his destination and there discharging him safely, but this would not avoid the breach nor defeat the action. The case of L. & N. R. R. Co. v. Dancy, supra, which is strongly relied on by counsel for appellant is very clearly not to the contrary, since the action there was in trespass and case, and the gravamen of the complaint was that the plaintiff passenger had been carried past her station, "and put off with her baggage against her protest and objection."

[3] We of course do not mean to say that merely running a train past the usual *place of debarkation* is a breach of duty, so long as the train does make a stop in the immediate vicinity. This would not be a failure to stop the train, in the sense of constituting a breach of duty to the passenger.

[4-6] We think that each count of the complaint states a good cause of action, and is not subject to any of the grounds of demurrer. Whether or not the consequential injuries set up in the complaint are recoverable, as proximately resulting from the contractual breach complained of, cannot be tested by demurrer. Nor can error be predicated of the court's action in overruling defendant's motion to strike from the complaint each of the several allegations intended to support the claim for special damages. The motion to strike is of course appropriate, but, if it be overruled, the objection can and must be made by objections to the evidence, or by requested instructions, or it will not be reviewed on appeal.

[7] No excuse being offered in justification of, the failure to stop the train, which, the evidence shows, ran past the station at Littleton, and passed out of sight in the distance, the trial judge properly instructed the jury that plaintiff was entitled to recover at least nominal damages.

[8] In actions ex contractu, as distinguished from actions ex delicto, any breach of the contract entitling the plaintiff to recover nominal damages will support a recovery for mental suffering, though no injury to person or property be shown. W. U. T. Co. v. Manker, 145 Ala. 418, 41 So. 850; W. U. T. Co. v. Krichbaum, 132 Ala. 535, 31 So. 607.

[9-11] The questions of difficulty arising in this case are with respect to consequential damage resulting from the carrier's breach of duty in not stopping the train at Littleton station in due course of its operation. The elements of damage submitted to the consideration of the jury included (1) mental suffering, and (2) delay, inconvenience, and hardship in making the journey from the station to the home of plain-

tiff's relatives by a chance conveyance, instead of by the speedier and more comfortable conveyance which she would have had if the train had not gone by.

In actions ex contractu—

"Special damages sustained because of peculiar circumstances, not within the contemplation of the parties when the contract was made, and of which circumstances the carrier had no knowledge, cannot be recovered." 10 Corp. Jur. 838 (section 1279).

This principle has been applied by this court to cases like this, where passengers were carried beyond their destination without being returned thereto. L. & N. R. R. Co. v. Quick, 125 Ala. 564, 28 So. 14; L. & N. R. Co. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695; C. of G. Ry. Co. v. Barnitz, 198 Ala. 156, 73 So. 471, and cases cited. It is of course equally applicable here, and the decisive inquiry necessarily was whether, under the known conditions, the special injuries alleged and shown were the natural and probable consequence of the breach in question, and therefore, as matter of law, within the contemplation of the parties. Dickerson v. Finley, 158 Ala. 149, 48 So. 548.

The circumstances affecting plaintiff in relation to the undertaking of the carrier, and which were known to the carrier, were (1) that plaintiff was a woman; (2) that she would reach her destination about dark; and (3) that her destination was a flag station, without shelter or other accommodations, without any dwellings in its vicinity, and without facilities for the transportation of debarking passengers to outlying or distant homes. The final inquiry then is, Was defendant's knowledge of these facts and conditions sufficient to charge it with notice that the consequential damage complained of would naturally and probably follow its failure to stop this train at this station in due course of the journey?

The natural and ordinary consequence of such a breach of duty, having no regard to the special circumstances present, would have been merely a delay of 5 to 10 minutes in getting off at the station, with no substantial damage. But the facts that the passenger was a woman, and practically unattended; that the time of arrival at the station would be about dark; and that the station itself was merely a solitary point on the railroad track, without any building or accommodations of any kind, and remote from habitations, must, we think, have made it clear to defendant through the perception of its responsible agents, that the inevitable result of carrying the passenger on by her station, with no apparent intention of permitting her to alight, would be to seriously disturb her peace of mind, and cause anxiety and distress. And this mental distress would of course be aggravated by her apprehension of the premature departure of the relative, who was to meet and convey her away, and of the resulting necessity of her going forth in the approaching darkness to find, if possible, a substitute conveyance.

Such consequences, and their avoidance, were within the purview of the contract, and we think that any resulting mental suffering would be a proper subject for compensation. See L. & N. R. R. Co. v. Quick, 125 Ala. 553, 563, 28 So. 14, which, however, was an action on the case. As to this, the weight of authority, in harmony with our decisions, is that:

"Regardless of which form of action is elected, the recovery should be the same, where, upon the same state of facts, an action may be brought either in contract or in tort." 17 Corp. Jur. 752 (section 85); W. U. T. Co. v. Westmoreland, 151 Ala. 319, 44 So. 382; Birmingham Waterworks Co. v. Martini, 2 Ala. App. 652, 56 So. 830.

[12] But, as to the inconvenience, discomforts, or hardships resulting from the premature departure of plaintiff's kinsman from the station, whereby she was deprived of the prompt and comparatively comfortable conveyance which he had provided for her, we think they were not fairly and reasonably within the contemplation of the parties, and hence are not elements of damage for which she can claim compensation. L. & R. R. Co. v. Quick, 125 Ala. 553, 564, 28 So. 14; C. of G. Ry. Co. v. Barnitz, 198 Ala. 156, 73 So. 471. The trial court erred in admitting evidence of the nature, incidents, and hardships of the plaintiff's journey from the station to her relatives' home, and in submitting those matters to the jury as a basis for the estimation and award of damages.

It is hardly necessary to observe that, where damages have been held to be recoverable on account of such matters, it has been in cases where the passenger was wrongfully carried past the point of his destination *on the railroad* and discharged at *another point*, and the annoyance or injuries were suffered in returning to the point where he should have been discharged in the first instance—quite different from the instant case. A. G. S. R. R. Co. v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am. St. Rep. 17; C. of G. Ry. Co. v. Morgan, 161 Ala. 483, 49 So. 865; 10 Corp. Jur. 834 (section 1277).

[13] Where the journey is actually completed, and where, as here, the passenger, though carried beyond his stipulated destination, is promptly carried back and there safely discharged, we know of no principle of law, and no judicial decision, under which the passenger would be entitled to recover the price paid for his ticket as an element of damage. The case of recovering the price of a telegraphic message when the message has not been delivered at all, or has been delivered too late to serve its purpose, is

not an apt analogy. We think the trial court was in error in holding that the price of the ticket was recoverable in this case.

The questions above discussed are presented by numerous assignments of error relating to the reception of evidence and to instructions given or refused. It is not necessary to pass upon each assignment, and what has been said should suffice as a guide for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.