29788. MURPHY *v.* GEORGIA POWER COMPANY.

Decided February 12, 1943.

*William A. Thomas, for plaintiff. MacDougald, Troutman &
Arkwright, William H. Schroder,* for defendant.

MacINTYRE, J.   In Nashville, C. & St. L. Ry. *v.* Campbell, 212
Ala. 27, 30 (101 So. 615), it is said: "As to the inconvenience,
·discomforts, or hardships resulting from the premature departure
of plaintiff's kinsman from the station, whereby she was deprived
·of the prompt and comparatively comfortable conveyance which he
had provided for her, we think they were not fairly and reasonably
within the contemplation of the parties, and hence are not elements

of damage for which she can claim compensation. L. & N. R. Co. v. Quick, 125 Ala. 553, 564, 28 So. 14; C. of Ga. Ry. Co. v. Barnitz, 198 Ala. 156, 73 So. 471. The trial court erred in admitting evidence of the nature, incidents, and hardships of the plaintiff's journey from the station to her relatives' home, and in submitting those matters to the jury as a basis for the estimation and award of the damages. It is hardly necessary to observe that, where damages have been held to be recoverable on account of such matters, it has been in cases where the passenger was wrongfully carried past the point of his destination on the railroad and discharged at another point, and the annoyance or injuries were suffered in returning to the point where he should have been discharged in the first instance—quite different from the instant case. A. G. R. R. Co. v. Sellers, 93 Ala. 9, 9 So. 375, 30 Am. St. Rep. 17; C. of Ga. Ry. Co. v. Morgan, 161 Ala. 483, 49 So. 865; 10 Corp. Jur. 834 (section 1277)."

Construing the petition most strongly against the pleader it does not allege that any damage occurred to plaintiff on his return from the point or street corner where he actually left the street-car to the point of his originally intended destination. As to the allegations of the occurrences and their consequences in going from the latter point to plaintiff's home, the petition does not allege that he made any inquiry as to whether there were any facilities, nor does he allege there were in fact no facilities which were reasonably available to him which he could have used in going from the street-car stop where he intended originally to leave the car and go to his home, so far thereof as the petition shows might have been available and had he used them, the use would have avoided any damage which he alleges he suffered by reason of his walk from the originally intended stop to his home. And while the petition shows that the plaintiff "buzzed" for the car to stop, yet, it also shows that the car was crowded and several other people got off at the point of the plaintiff's intended destination, but there is nothing to show that the motorman had any notice the "buzz" was that of the plaintiff rather than the "buzz" of some of the other passengers who alighted at this point. "And while perhaps, this might be inferred from all the facts alleged, it is not enough to aver facts from which the ultimate fact may be inferred, unless:

the *evidentiary facts pleaded* are such as to demand the inference of its existence." *Bivins* v. *Tucker,* supra.

The rule here applicable is the one relating to the necessary allegations in a declaration, and not the one where the evidence is sufficient to sustain such allegations. Hence any damage that might have occurred by reason of said walk after he had finally arrived at his intended destination on the street-car track was too remote to authorize a recovery for compensatory damages. If the plaintiff had been the only person attempting to alight from the street-car the situation as to notice of such intention might have been different. The question then arises whether the petition could withstand a general demurrer in that there was a technical invasion of the plaintiff's right or a breach of the defendant's duty which would make it liable for nominal damages only. The petition as amended does state that the motorman heard the cry of the plaintiff to let him get off the street-car, but it does not state distinctly and plainly that such request to get off was heard by the motorman before the car had resumed its journey. Thus, in the absence of notice to the motorman by the plaintiff before the car arrived at the stop in question that the plaintiff intended to get off at this particular stop, or that the motorman after the car stopped heard the request of the plaintiff to get off before the car again started, or within such a short time thereafter that it would be a lack of ordinary care under special circumstances for the motorman not to stop and let him off, or to stop and back up to the station, that the defendant could not be charged with actual negligence.

The petition, construed most strongly against the pleader, does not show that the passenger informed the motorman where he wanted to get off at the time he entered the car or while the car was at a standstill in response to a general notice to stop given by the buzzer and several passengers had alighted. There is no allegation that the motorman had notice before he restarted the car that another passenger, the plaintiff, wished to alight, and that he was not being given sufficient time in which to do so, or that if the car had resumed its journey there were no allegations that there were special circumstances (considering the rights of other passengers) which would have required the motorman, in the exercise of due care, to stop the car and back up to allow the plaintiff

to alight. The petition does not set out a cause of action for nominal damages. This case is somewhat different from one where a man has a ticket on a railroad train requiring transportation to a definite station, and the agent is put on notice by the ticket where the passenger wishes to get off, and also from that line of cases where the agent of the railroad stops the train between stations after having gone beyond the place to which the passenger had bought the ticket and the passenger is thereby put off in some lonely isolated spot. The rule here applicable being the one relating to necessary allegations in a declaration, and not the one where the evidence is sufficient to sustain such allegations, the judge did not err in sustaining the general demurrer to the petition. Nashville, C. & St. L. Ry. *v.* Campbell, supra; Texas & Pac. Ry. Co. *v.* Cole, 66 Tex. 562 (1 S. W. 629).

*Judgment affirmed. Gardner, J., concurs. Broyles, C. J., disqualified.*